UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| VINCENT BRUCE,<br>    Plaintiff,<br>v.<br>MICHAEL SAYRE, et. al.,<br>    Defendants. | Case No. 14-cv-4298-NJV (PR)<br><br>**ORDER**<br><br>Dkt. Nos. 26, 27, 28, 29, 30 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. This action continues against two defendants and concerns their treatment of plaintiff's shoulder and back pain. Defendants filed a motion for summary judgment on November 10, 2015. Plaintiff has not filed an opposition; however, he has filed several motions to compel discovery and a motion to appoint a medical expert.

**A.    Motions to Compel**

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

    **1.    Motion to Compel the Production of Documents (Docket No. 27)**

Plaintiff moves the court to compel defendants to respond to seven document requests:

1. Any and all documents that refer to or relate to policies, procedures, and practices in effect for health care at Pelican Bay State Prison during the time the defendants provided health care to plaintiff, including [plaintiff requests approximately 43

1    chapters of various regulations and procedures];

2   2. Any and all medical records relating to the health care provided by defendants, including any members of the primary care team, to plaintiff from July 1, 2010, until the present;

3. Any and all documents identified by defendants Ikegbu and Adam in response to interrogatories;

4. Any and all documents directed to health care providers at Pelican Bay State Prison regarding the health care to be provided to inmate-patients, and generated by health care supervisors, including Michael Sayre and Maureen McClean;

5. Any and all grievances and complaints lodged against defendants alleging inadequate health care for pain or musculoskeletal condition that was filed in the last five years;

6. Any and all documents used by defendant Ikegbu in setting the amount and frequency of plaintiff's pain medication dosages and in deciding not to refer plaintiff to a specialist; and

7. Any and all documents used by defendant Adam in setting the amount and frequency of plaintiff's pain medication dosages and in deciding not to refer plaintiff to a specialist.

  With respect to requests 1, 2, 4, 6 and 7, defendants replied that they would provide the documents requested, but noted that plaintiff would need to pay copying costs because the documents total more than 1,000 pages. Defendants noted that plaintiff could also obtain the regulations and policies of the prison as requested in request 1, from the CDCR. Defendants also argued that the more than 40 chapters requested were over-broad and irrelevant. Defendants also noted that the documents plaintiff seeks in requests 4, 6 and 7 would be included with his medical records from request 2.

  The motion to compel requests 4, 6 and 7 is denied because the requested documents are included in defendants' response to request 2. To the extent that request 4 seeks information regarding the medical treatment of other prisoners, any such request is denied as over-broad, irrelevant, and they may contain the confidential medical information of other inmates.

2

1    Plaintiff argues that he is indigent and should not have to pay for copying costs. Plaintiff's
2 application to proceed in forma pauperis in this case indicated that in 2014 he had average deposits
3 for the most recent six-month period of $47.50 and an average balance for the most recent six-
4 month period of $121.35. Docket No. 2. Plaintiff filed another civil rights action against Ikegbu
5 and other medical staff in 2015. *Bruce v. Chaiken*, Case No. 15-cv-0960-TLN-KJN (E.D. Cal.).
6 In his application to proceed in forma pauperis in that case plaintiff had average deposits for the
7 most recent six-month period of $45.24 and an average balance for the most recent six-month
8 period of $80.35. Plaintiff now argues that he is completely indigent and cannot afford any
9 copying costs.

10   Plaintiff has failed to sufficiently show that request 1 is not over-broad and irrelevant. He
11 has not identified the specific subjects of the 40 chapters of regulations he seeks to be produced
12 and how they are pertinent to his case. Because these materials could be viewed independently by
13 plaintiff, the motion to compel this request is denied. If plaintiff wishes to pay defendants for the
14 copying costs, he may contact defendants to provide the money and, if he pays it, defendants shall
15 provide the information.

16   With respect to request 2, approximately 250 pages of plaintiff's medical records were
17 already provided to plaintiff with the motion for summary judgment in November 2015. Yet,
18 because plaintiff's medical record is highly relevant to this action, defendants are ordered to
19 provide plaintiff a copy of the medical record from July 1, 2010, until the filing of the complaint
20 that relates to the subject matter of this action. Because plaintiff cannot afford these copying
21 costs, the court orders defendant to provide them free of charge.[1] Defendants may choose, as
22 plaintiff requests as an option, to allow plaintiff to examine the documents and designate which
23 documents he requires copies of. Plaintiff is also reminded to review the 250 pages of medical
24 exhibits he has already been provided, which the court will resend to plaintiff.

---

[1] In cases such as this, cost shifting may be ordered if it is determined that the documents are subject to production and plaintiff has no ability to obtain the copies due to indigency and pro se status. *See e.g. Haney v. Adams*, No. 07-cv-1104-AWI-SMS, 2012 WL 6097084, at *2 (E.D. Cal. Dec. 7, 2012); *Ransom v. Johnson*, No. 05–cv–00086–OWW–GSA PC, 2010 WL 503128, at *1 (E.D. Cal. Feb. 8, 2010).

Request 3, that defendants provide all documents identified in response to interrogatories, is denied as vague because plaintiff has failed to specify any documents that were identified in response to interrogatories. Request 5, that seeks defendants to provide any and all grievances and complaints lodged against defendants alleging inadequate health care for pain or musculoskeletal conditions in the last five years, is denied. The request is over-broad, irrelevant and unduly burdensome. It concerns information that is separate from plaintiff's medical treatment in this case and may contain the confidential medical information of other inmates.

### 2. Motion to Compel Admission Requests (Docket No. 28)

Plaintiff submitted 52 requests for admissions from defendants. Defendants provided answers to all the requests. Plaintiff does not describe how the answers were inadequate; rather, he describes why this information is important to his case. It appears that plaintiff is not satisfied with defendants' answers. The court has reviewed defendants' responses and finds they were proper. The motion to compel is denied.

### 3. Motion to Compel Interrogatories (Docket No. 29)

Rule 33 defines the parameters of discovery via interrogatories. Parties are required to seek leave of court to propound more than twenty-five interrogatories on another party. Fed. R. Civ. P. 33(a)(1). Leave to serve additional interrogatories may be granted consistent with Rule 26(b)(1) and (2). *Id*. Rule 26 limits parties to discovery requests that are relevant to the subject matter involved in the pending action, or reasonably calculated to lead to discovery of admissible evidence. *Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995), citing Fed. R. Civ. Pro. 26(b)(1). Notwithstanding the general right to discovery, courts have the power to limit the frequency and extent of any discovery method, Fed. R. Civ. Pro. 26(b) & (c), and may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. Pro. 26(c).

Plaintiff sent more than twenty-five interrogatories, including discrete subparts, as discussed in Rule 33. Defendants only answered the first twenty-five for each party in the case. Plaintiff's motion to compel answers to all the interrogatories is denied. The court has reviewed the interrogatories and finds many of plaintiff's questions are answered in the exhibits to the

4

1  summary judgment motion filed two months prior to this motion to compel.  For example, the
2  curriculum vitae of the defendants are included in the motion for summary judgment.  Many other
3  interrogatories are over-broad, irrelevant and unduly burdensome.  For example, plaintiff seeks to
4  know what witnesses will be called at trial and who will submit a declaration for a dispositive
5  motion.  As noted, the motion for summary judgment was filed before this motion to compel and
6  answers many of plaintiff's questions.

7  For all these reasons the motion to compel is denied.  However, plaintiff will be provided
8  an opportunity to submit new interrogatories to defendants within twenty-one days.  Plaintiff must
9  follow the Rules of Civil Procedure with respect to the amount he may serve.  He should also
10 focus on what is relevant to the medical care provided by defendants in this case.

**B.  Motion to Appoint a Medical Expert (Docket No. 30)**

12  Plaintiff has also filed a motion for the appointment of a medical expert witness.  Federal
13 Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared
14 by the parties.  The appointment of an independent expert witness pursuant to Rule 706 is within
15 the court's discretion, *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d
16 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other
17 specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in
18 issue," *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, the statute
19 authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds
20 for expert witnesses.  *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)
21 (expenditure of public funds on behalf of indigent litigant is proper only when authorized by
22 Congress).  The federal courts have uniformly held that an indigent prisoner litigant must bear his
23 own costs of litigation, including witnesses.  *Id*. at 211 (in forma pauperis statute does not
24 authorize waiver of fees for an indigent's witnesses).

25 To the extent that plaintiff is seeking to have the court appoint an expert witness to aid his
26 case, that request is denied pursuant to the authority cited above.  To the extent plaintiff is seeking
27 a neutral expert, the court does not find that at this time the issues in this case are complicated
28 such that the testimony of a neutral expert would be warranted.  Neither plaintiff's medical

5

condition nor the legal issues involved are overly complex.  The motion is denied.

### C.  Miscellaneous Matters

Defendants' motion for summary judgment was filed on November 10, 2015, but plaintiff has still not filed an opposition.  Plaintiff will be provided twenty-eight days from service of this order to file an opposition.  Even though plaintiff will be receiving additional discovery he still must file an opposition.  It has been seven months since the summary judgment motion was filed, which contained hundreds of pages of medical records.  Plaintiff will be permitted to file a supplemental opposition after he receives additional discovery.

### D.  Conclusion

1. The motion to compel production of documents (Docket No. 27) is **DENIED** in part as discussed above.  Within **twenty-one days** defendants are ordered to provide plaintiff a copy of the medical record from July 1, 2010, until the filing of the complaint that relates to the subject matter of this action.  Defendants may choose to allow plaintiff to examine the documents and designate which ones he requires copies of.

2. The motion to compel admissions (Docket No. 28) is **DENIED**.

3. The motion to compel interrogatories (Docket No. 29) is **DENIED** without prejudice as discussed above.

4. The motion to appoint a medical expert (Docket No. 30) is **DENIED**.[2]

5. Plaintiff's motion for an extension to file an opposition (Docket No. 26) is **GRANTED** in part.  Plaintiff must file an opposition to summary judgment within **twenty-eight days** of service of this order.  He may file a supplemental opposition after receiving more discovery.

---

[2] To the extent plaintiff seeks a preliminary injunction, the motion is denied.  The two defendants in this case work at Pelican Bay State Prison but plaintiff is now incarcerated at Kern Valley State Prison.  The court cannot enforce an injunction against Kern Valley State Prison, because the court does not have personal jurisdiction over any defendant related to that entity.  *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  If plaintiff seeks injunctive relief regarding his current medical treatment he should file a case in the Eastern District of California where the prison is located.

1  6. The Clerk shall send to plaintiff a copy of the motion for summary judgment
2  (Docket No. 22) including all the exhibits.
3  **IT IS SO ORDERED.**
4  Dated: July 5, 2016

  _____
  NANDOR J. VADAS
  United States Magistrate Judge